UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | DOCKET NO. 3:26-cr-00195-SCR |
| v. | ) | |
| | ) | **FACTUAL BASIS** |
| LASHIYA PATTERSON | ) | |
| | ) | |

NOW COMES the United States of America, by and through Russ Ferguson, United States Attorney for the Western District of North Carolina, and hereby files this Factual Basis in support of the plea agreement filed simultaneously in this matter.

This Factual Basis is filed pursuant to Local Criminal Rule 11.2 and does not attempt to set forth all of the facts known to the United States at this time. By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea(s) that the defendant will tender pursuant to the plea agreement, and that the facts set forth in this Factual Basis are sufficient to establish all of the elements of the crime(s). The parties agree not to object to or otherwise contradict the facts set forth in this Factual Basis.

Upon acceptance of the plea, the United States will submit to the Probation Office a "Statement of Relevant Conduct" pursuant to Local Criminal Rule 32.4. The defendant may submit (but is not required to submit) a response to the Government's "Statement of Relevant Conduct" within seven days of its submission. The parties understand and agree that this Factual Basis does not necessarily represent all conduct relevant to sentencing. The parties agree that they have the right to object to facts set forth in the presentence report that are not contained in this Factual Basis. Either party may present to the Court additional relevant facts that do not contradict facts set forth in this Factual Basis.

1. LASHIYA PATTERSON was a resident of Charlotte, North Carolina.

2. Credit Union 1 was a credit union with accounts insured by the National Credit Union Share Insurance Fund.

3. On or about September 27, 2019, PATTERSON opened a bank account with Credit Union 1 (hereinafter "Account X3000").

4. On or about June 19, 2024, PATTERSON deposited a stolen, altered, and counterfeited United States Treasury check in the amount of $169,854.91 into Account X3000 ("Treasury Check 1") at a Credit Union 1 branch located in Charlotte, North Carolina. Treasury Check 1 was originally made payable to Victim Business S.O. for an employer quarterly federal tax return refund.

5. After depositing Treasury Check 1, PATTERSON made a series of financial transactions to withdraw the funds from Account X3000, including, but not limited to, the following:

a. On or about July 2, 2024, PATTERSON made two ATM withdrawals in the total amount of $1,000.00.

b. On or about July 3, 2024, PATTERSON made a wire transfer in the amount of $57,000.00.

c. On or about July 5, 2024, PATTERSON made a wire transfer in the amount of $70,000.00.

6. By on or about July 11, 2024, Account X3000 had a balance of less than $150.00.

7. On or about July 11, 2024, PATTERSON deposited a stolen, altered, and counterfeited United States Treasury check in the amount of $108,516.12 ("Treasury Check 2") into Account X3000 at a Credit Union 1 branch located in Charlotte, North Carolina. Treasury Check 2 was originally made payable to Victim Business C.C.E. for a corporation income tax return refund.

8. In furtherance of the scheme, on or about July 19, 2024, PATTERSON submitted to Credit Union 1 a fictious letter from the Internal Revenue Service, which stated that PATTERSON was entitled to a tax refund in the amount of $108,516.12 and a fictitious Form 1040 Schedule C purporting to support such a refund.

9. Beginning in or around June 19, 2024, and continuing through in or around July 11, 2024, in Mecklenburg County, within the Western District of North Carolina, and elsewhere PATTERSON knowingly and willfully did receive, conceal and retain money of the United States exceeding the sum of $1,000, namely, approximately $169,854.91 in funds administered by the United States Treasury in the form of an employer quarterly federal tax return refund intended for Victim Business S.O.

10. The money belonged to the United States.

11. The value of the money exceeded the sum of $1,000.

12. PATTERSON knew that the money was stolen and she was not entitled to receive it.

13. The amount of loss that was known to or reasonably foreseeable by PATTERSON was approximately $278,371.03.

14. In carrying out the scheme, PATTERSON acted with an intent to defraud, and at all times, PATTERSON acted intentionally, knowingly and willfully and not by accident or mistake.

RUSS FERGUSON
UNITED STATES ATTORNEY

______________________________
ERIC A. FRICK
SPECIAL ASSISTANT UNITED STATES ATTORNEY

<u>Defendant's Counsel's Signature and Acknowledgment</u>

I have read this Factual Basis and the Bill of Information in this case, and have discussed them with the defendant. Based on those discussions, I am satisfied that the defendant understands the Factual Basis and the Bill of Information. I hereby certify that the defendant does not dispute this Factual Basis.

______________________________ DATED: 9/3/2026
David Q. Burgess, Attorney for Defendant